B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>**BEVERLY FEBBO** | **DEFENDANTS**<br>**CATHERINE MARIE BURKE** |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>SCOTT M. WILHELM, ESQ.<br>Winegar, Wilhelm, Glynn & Roemersma; 305 Roseberry Street, Phillipsburg, NJ 08865; (908) 454-3200 | ATTORNEYS (If Known)<br>THOMAS L. LIGHTNER, ESQ.<br>Lightner Law Office, P.C.; 4652 Hamilton Blvd., Allentown, PA 18103; (610) 530-9300 |
| PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiff seeks an order denying Defendant a discharge of the debt owed to Plaintiff pursuant to 11 U.S.C. § 523, and 12 Pa.C.S. § 5101.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☒ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $155,000.00 |

Other Relief Sought
**DENIAL OF DISCHARGE**

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>**CATHERINE MARIE BURKE** | BANKRUPTCY CASE NO.<br>**19-11897** | | |
| DISTRICT IN WHICH CASE IS PENDING<br>**EASTERN DISTRICT OF PENNSYLVANIA** | DIVISION OFFICE<br>**READING** | NAME OF JUDGE<br>**ERIC L. FRANK** | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**WINEGAR, WILHELM, GLYNN & ROEMERSMA, P.C.**
**SCOTT M. WILHELM, ESQ. - #77195**
305 Roseberry Street
P.O. Box 800
Phillipsburg, NJ 08865
Telephone: (908) 454-3200
Facsimile: (908) 454-3322
maddid@wwgrlaw.com
Attorneys for Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CATHERINE MARIE BURKE, | **Chapter: 13** |
| Debtor | |
| and | |
| BEVERLY FEBBO, | **Judge: Eric L. Frank** |
| Plaintiff | |
| vs. | **Case No. 19-11897 (ELF)** |
| CATHERINE MARIE BURKE, | **Adversary Case No. 19-** |
| Defendant | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY AND OBJECTING TO DISCHARGE OF DEBTS**

AND NOW comes Plaintiff, Beverly Febbo, by and through her attorney, Scott M. Wilhelm, Esq., of Winegar, Wilhelm, Glynn & Roemersma, P.C., by way of this Complaint to Determine Dischargeability and Objecting to Discharge of a Debt against defendant Debtor, Catherine Marie Burke, (hereinafter "Debtor" and/or "Defendant"), who states as follows:

**I.    JURISDICTION AND VENUE**

1.    This adversary proceeding arises in and relates to the bankruptcy case captioned In re Catherine Marie Burke, No. 19-11897 (ELF), in the United States Bankruptcy Court for the Eastern District of Pennsylvania (hereinafter the "Bankruptcy Case").

1

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157(b)(2) because it is a core proceeding to determine dischargeability of a debt and to determine whether a debtor is entitled to a discharge.

3. Venue properly lies in this District under 28 U.S.C. §1409(a) because this adversary proceeding is related to the Bankruptcy Case, which is pending in this District and arises under 11 U.S.C. §523(a).

4. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

## II.    PARTIES

5. Plaintiff, Beverly Febbo, is a United States citizen and is the former domestic partner of Debtor, with an address of 2747 Queen Street, Palmer Township, Northampton County, Pennsylvania.

6. Defendant, Catherine Marie Burke, is the Debtor in the above-captioned matter, and is a United States citizen with a residence at 2161 Gateway Terrace, Easton, Northampton County, Pennsylvania.

## III.    BACKGROUND

7. On March 27, 2019, (the "Petition Date"), Debtor filed a voluntary petition for protection under Chapter 13 of the United States Bankruptcy Code in this Court.

8. Debtor is represented in the Bankruptcy Case by Thomas L. Lightner, Esq.

9. Prior to the Petition Date, Debtor engaged in a course of conduct which was fraudulent and intended to injure Plaintiff as more fully set forth below.

10. On November 11, 2009, Plaintiff and Debtor were married in a civil ceremony in Connecticut.

11. On or about May 30, 2014, Debtor became the sole owner of the real property and improvements commonly known as 2747 Queen Street, Palmer Township, Northampton County,

2

Pennsylvania, and identified on the Tax Map of Palmer Township as real property parcel #L8NE4-1B-28, as evidenced by Instrument No. 2014013311, recorded in the Northampton County Recorder of Deeds Book 2014-1, Page 91867, on June 6, 2014 (hereinafter the "Subject Property").

12. Beginning on or about May 30, 2014, the Parties resided in the Subject Property.

13. On October 21, 2014, Plaintiff commenced a divorce action entitled <u>Beverly Febbo v. Catherine M. Burke</u>, No. 2014-CV-10146, in the Court of Common Pleas of Northampton County, Pennsylvania (hereinafter the "Divorce Case").

14. On or about January 2, 2015, Thomas L. Lightner, Esq. entered his appearance on behalf of Defendant in the Divorce Case.

15. On March 29, 2017, Plaintiff and Debtor reached a partial property settlement agreement in the Divorce Case. The essential term of the partial property settlement agreement "is that Ms. Burke will pay to Ms. Febbo the total sum of $155,000 as and for equitable distribution of her interest in any marital claims that she has with regard to real property." <u>See</u> exhibit "A" attached hereto at p. 3. Further, "Ms. Burke will give . . . at least 30 days' notice as to when she expects to be able to give Ms. Febbo the $155,000, because Ms. Febbo will agree to vacate the former marital home at Queen Street upon receipt of the $155,000." <u>Id.</u> While the property settlement agreement was not reduced to a formal writing, its terms were set forth on the record before a Divorce Master in the Divorce Case.

16. The partial property settlement agreement did not set forth a time for payment of the One Hundred and Fifty-Five Thousand Dollars ($155,000.00), by Debtor to Plaintiff.

17. The partial property settlement agreement is a domestic support obligation as defined by Pennsylvania law.

18. On or about August 31, 2017, Debtor transferred the Subject Property from herself as sole owner to "THOMAS L. LIGHTNER (individual) of Allentown, County of Lehigh, and Commonwealth of Pennsylvania, with CATHERINE BURKE and KELLY BURKE (individuals) of Easton, County of Northampton, and Commonwealth of Pennsylvania, both retaining a NON

3

TRANSFERABLE LIFE ESTATE contingent upon strict compliance of all the terms and conditions outlined in the Agreement for Purchase of Property, dated August 28, 2017, (hereinafter called the "Grantee(s)"), parties of the Second Part. Should Catherine Burke and/or Kelly Burke fail to comply with the Agreement for Purchase of Property, both of their life estate shall terminate immediately. . .", as evidenced by Instrument No. 2017026248, recorded in the Northampton County Recorder of Deeds Book 2017-1, Page 208402, on September 26, 2017. The consideration for the transfer was One United States Dollar ($1.00).

19. On or about July 30, 2018, Debtor, along with Thomas L. Lightner and Kelly Burke, transferred the Subject Property from themselves collectively to "THOMAS L. LIGHTNER (individual) of Allentown, County of Lehigh, and Commonwealth of Pennsylvania, (hereinafter called the "Grantor"), party of the Second Part," as evidenced by Instrument No. 2018023449, recorded in the Northampton County Recorder of Deeds Book 2018-1, Page 186930, on August 30, 2018. The consideration for the transfer was One United States Dollar ($1.00).

20. On or about January 1, 2019, Thomas L. Lightner transferred the Subject Property to "CATHERINE BURKE (individual) of Easton, County of Northampton, and Commonwealth of Pennsylvania, (hereinafter called the "Grantor"), party of the Second Part," as evidenced by Instrument No. 2019001270, recorded in the Northampton County Recorder of Deeds Book 2019-1, Page 9771, on January 16, 2019. The consideration for the transfer was One United States Dollar ($1.00).

21. Upon information and belief, Kelly Burke is the daughter of Debtor.

22. As of this date, Debtor has not paid Plaintiff the One Hundred and Fifty-Five Thousand Dollars ($155,000.00) domestic support obligation, pursuant to the terms of the Parties' partial property settlement agreement in the Divorce Case.

23. From the date the Parties reached a partial property settlement agreement through the Petition Date, Debtor made, or caused to be made, three transfers of the Subject Property for the sole purpose of knowingly, purposefully, willfully, intentionally and fraudulently avoiding payment of

4

Debtor's claim of the One Hundred and Fifty-Five Thousand Dollars ($155,000.00), due under the terms of the Parties' partial property settlement agreement in the Divorce Case.

24. Upon information and belief, each time Debtor made, or caused to be made, the transfers of the Subject Property she was insolvent.

25. All three transfers of the Subject Property by Debtor involved Thomas Lightner, Esq., as either a grantor or a grantee, were effectuated through deeds prepared by and recorded by Thomas Lightner, Esq., and were done at a time when Thomas Lightner, Esq., represented Debtor in both the Divorce Case and the Bankruptcy Case.

26. As a direct, proximate and legally substantial result of Debtor's conduct aforesaid, Plaintiff has been injured and will continue to be injured.

### IV.    CAUSES OF ACTION

#### COUNT I – 11 U.S.C. §523(a)(4)

27. Plaintiff repeats each and every allegation in paragraphs one through twenty-six as if set forth at length herein this First Count.

28. 11 U.S.C. §523(a)(4) states: "A discharge under section . . . 1328(b) of this title does not discharge an individual from any debt . . . (4) for fraud; . . ."

29. Debtor is not entitled to a discharge of the One Hundred and Fifty-Five Thousand Dollars ($155,000.00), which is owed to Plaintiff, because she has fraudulently transferred the Subject Property between herself, her daughter and her attorney for the sole purpose of attempting to avoid satisfying a domestic support obligation to Plaintiff.

WHEREFORE, Plaintiff, Beverly Febbo, respectfully requests that this Court enter a judgment in her favor and against Defendant/Debtor, Catherine Burke, declaring that said debt owed to her is non-dischargeable pursuant to 11 U.S.C. §523(a)(4), and for such other relief as this Court finds equitable.

5

### COUNT II – 11 U.S.C. §523(a)(5)

30. Plaintiff repeats each and every allegation in paragraphs one through twenty-nine as if set forth at length herein this Second Count.

31. 11 U.S.C. §523(a)(5) states: "A discharge under section . . . 1328(b) of this title does not discharge an individual from any debt . . . (5) for a domestic support obligation; . . "

32. Debtor is not entitled to a discharge of the One Hundred and Fifty-Five Thousand Dollars ($155,000.00) owed to Plaintiff because Plaintiff's claim is a domestic support obligation which is non-dischargeable under the Bankruptcy Code.

WHEREFORE, Plaintiff, Beverly Febbo, respectfully requests that this Court enter a judgment in her favor and against Defendant/Debtor, Catherine Burke, declaring that said debt owed to her is non-dischargeable pursuant to 11 U.S.C. §523(a)(5), and for such other relief as this Court finds equitable.

### COUNT III – 11 U.S.C. §523(a)(6)

33. Plaintiff repeats each and every allegation in paragraphs one through thirty-two as if set forth at length herein this Third Count.

34. 11 U.S.C. §523(a)(6) states: "A discharge under section . . . 1328(b) of this title does not discharge an individual from any debt . . . (6) for willful and malicious injury by the debtor to another entity or the property of another entity; . . "

35. Debtor is not entitled to a discharge of the One Hundred and Fifty-Five Thousand Dollars ($155,000.00) owed to Plaintiff because Debtor has willfully and maliciously injured Plaintiff by failing to satisfy the domestic support obligation in accordance with the terms of the Parties' partial property settlement agreement.

WHEREFORE, Plaintiff, Beverly Febbo, respectfully requests that this Court enter a judgment in her favor and against Defendant/Debtor, Catherine Burke, declaring that said debt owed to her is non-dischargeable pursuant to 11 U.S.C. §523(a)(6), and for such other relief as this Court finds equitable.

### COUNT IV – 12 Pa.C.S. §5101

36. Plaintiff repeats each and every allegation in paragraphs one through thirty-five as if set forth at length herein this Fourth Count.

37. 12 Pa.C.S. §5101, *et. seq.* prohibits an insolvent debtor from: (a) transferring property or assets to another for less than equivalent value; and (b) engaging in conduct which is intended to hinder, delay or defraud a creditor.

38. Debtor is not entitled to a discharge of the One Hundred and Fifty-Five Thousand Dollars ($155,000.00) owed to Plaintiff because at the time she was indebted to Plaintiff she was insolvent and both transferred property for less than equivalent value and engaged in conduct intended to hinder, delay or defraud Plaintiff.

WHEREFORE, Plaintiff, Beverly Febbo, respectfully requests that this Court enter a judgment in her favor and against Defendant/Debtor, Catherine Burke, declaring that said debt owed to her is non-dischargeable pursuant to 12 U.S.C. §5101, *et. seq.*, and for such other relief as this Court finds equitable.

Respectfully Submitted,

/s/ Scott M. Wilhelm
SCOTT M. WILHELM, Esq.
Attorney for Plaintiff

Dated: July 30, 2019

7

# EXHIBIT "A"

COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY
COMMONWEALTH OF PENNSYLVANIA
CIVIL DIVISION

BEVERLY FEBBO,                ) NO. C0048-CV-2014-10146
                              )
    Plaintiff         )
                              )
vs.                           )
                              )
CATHERINE M. BURKE,           )    ORIGINAL
                              )
    Defendant         )

**NOTES OF AGREEMENT**

    BEFORE STEVEN N. GOUDSOUZIAN, ESQUIRE,

Special Master, Northampton County, Third Judicial

District, Easton, Pennsylvania, Courtroom No. 8, on

Wednesday, March 29, 2017.

APPEARANCES:

    WINEGAR WILHELM GLYNN ROEMERSMA
    BY: DENNIS W. WINEGAR, ESQ.
    305 Roseberry Street
    PO Box 800
    Phillipsburg, NJ 08865
    -- For the Plaintiff

    BY: THOMAS L. LIGHTNER, ESQ.
    4652 Hamilton Boulevard
    Allentown, PA 18103
    -- For the Defendant

-------------------------------------------

CHARLEEN A. EYER, RPR
Official Court Reporter

1    MR. WINEGAR:  Attorney Lightner and I have
2    been going back and forth trying to reach a settlement, and
3    we have a settlement with regard to the big items, and I
4    say that in that the things that were in dispute, as far as
5    the amount that my client would receive in equitable
6    distribution and cash buyout, as well as alimony, as well
7    as how long she stays in the house, we have an agreement on
8    that.  That's the good news.
9                The bad news is we have been unable to
10   bridge the gap in terms of personal property.  Attorney
11   Lightner and I are asking you whether you would entertain
12   the proposition of allowing us to put the agreement that
13   they do agree to on the record.  I would say we can even
14   have a divorce entered.  That probably helps your client.
15                MR. LIGHTNER:  We could, um-hum.
16                MR. WINEGAR:  Whatever you would want to
17   do.  But then there's a dispute about personal property
18   marital versus nonmarital, et cetera.  Our thought was that
19   perhaps we can ask you to change hats and help us try to
20   resolve the personal property, even if it's today.  And if
21   they can't resolve the personal property, we refer it back
22   to Master Clark for him to rule on the personal property.
23                We just don't want to lose the settlement
24   on what we deem to be very significant and issues that
25   could go on for a very long time.  The personal property

```
 1   stuff that's obviously not as big an issue, but it's a very
 2   important issue to both parties.
 3                    THE MASTER:  Is that agreeable to you?
 4                    MR. LIGHTNER:  That is agreeable.
 5                    THE MASTER:  Why don't we then put the
 6   agreement, to the extent it exists, on the record now.
 7                    MR. WINEGAR:  I'll read it slowly and I
 8   would just ask both parties to carefully listen to me,
 9   because we'll ask you to acknowledge whether you have heard
10   it and understand it.  And its being transcribed, so we'll
11   have a record of it as well.
12                    My understanding of the agreement reached
13   between the parties is that Ms. Burke will pay to Ms. Febbo
14   the total sum of $155,000 as and for equitable distribution
15   of her interest in any marital claims that she has with
16   regard to real property.  In fact, we should say all of the
17   marital issues will be resolved, except for items of
18   personal property.
19                    So we have the $155,000 paid by Ms. Burke
20   to Ms. Febbo.  Ms. Burke will give me, Ms. Febbo's counsel,
21   at least 30 days' notice as to when she expects to be able
22   to give Ms. Febbo the $155,000, because Ms. Febbo will
23   agree to vacate the former marital home at Queen Street
24   upon receipt of the $155,000.
25                    Alimony currently in effect now will
```

1  continue to be paid by Ms. Burke to Ms. Febbo through the
2  end of December 31st, 2017. In other words, the alimony
3  obligation from Ms. Burke to Ms. Febbo will remain in
4  effect until the December 31st of 2017, at which time the
5  alimony obligation would terminate.
6              That's the agreement as far as the big
7  ticket items. The only thing that's left that I understand
8  to be in dispute is distribution of personal property.
9              THE MASTER: Ms. Febbo will be entitled to
10 remain in the marital home until she receives the funds?
11             MR. WINEGAR: That is correct. Again, if
12 Ms. Burke could, I would ask that she give my office at
13 least 30 days' notice when she expects to get the money, so
14 that my client has time to move out. Rather than my client
15 getting the money, and then having 30 days to get out, it
16 just seems like there's cause for more disputes in that
17 scenario.
18             So Ms. Febbo will agree to vacate upon her
19 receipt of the $155,000, as long as we have received at
20 least 30 days' notice as to when that's going to be, so my
21 client can make plans to move out.
22             THE MASTER: Attorney Lightner, is that
23 acceptable?
24             MR. LIGHTNER: That is acceptable, and my
25 understanding is that resolves all outstanding issues of

```
 1  this pending divorce action, with the exception of a list
 2  of personal items.
 3              THE MASTER:  Then let's swear in the
 4  parties.
 5              (All parties were duly sworn.)
 6              THE MASTER:  Could you state your name,
 7  please?
 8              MS. FEBBO:  Beverly Febbo.
 9              THE MASTER:  And you're one of litigants
10  in this case, correct?
11              MS. FEBBO:  Yes.
12              THE MASTER:  You were here in the
13  courtroom while your counsel set forth the agreement?
14              MS. FEBBO:  Yes.
15              THE MASTER:  You heard him?
16              MS. FEBBO:  Yes.
17              THE MASTER:  You agree with this?
18              MS. FEBBO:  Yes.
19              THE MASTER:  You understand that this is a
20  full and final agreement?
21              MS. FEBBO:  Yes.
22              THE MASTER:  Meaning after today this will
23  be an Order of Court?
24              MS. FEBBO:  Yes.
25              THE MASTER:  You had enough time to speak
```

```
 1  with your counsel?
 2              MS. FEBBO:  Yes.
 3              THE MASTER:  Do you have any questions?
 4              MS. FEBBO:  No.
 5              THE MASTER:  Ma'am, could you state your
 6  name, please?
 7              MS. BURKE:  Catherine Burke.
 8              THE MASTER:  And you're a litigant in this
 9  case also, correct?
10              MS. BURKE:  Correct.
11              THE MASTER:  You were in the courtroom
12  while the agreement was being provided to me?
13              MS. BURKE:  Yes.
14              THE MASTER:  You heard it?
15              MS. BURKE:  Yes.
16              THE MASTER:  You understand it?
17              MS. BURKE:  Yes.
18              THE MASTER:  You agree with it?
19              MS. BURKE:  Yes.
20              THE MASTER:  You understand this is a full
21  and final agreement?
22              MS. BURKE:  Yes.
23              THE MASTER:  You understand it's binding
24  as of today?
25              MS. BURKE:  Yes.
```

```
 1            THE MASTER: You had a chance to talk with
 2   your attorney?
 3            MS. BURKE: Yes.
 4            THE MASTER: And do you have any
 5   questions?
 6            MR. LIGHTNER: Master, the only -- I guess
 7   I'm sitting here squirming a little bit, perhaps it would
 8   be a good ideal to put the items of personal property on
 9   the record.
10            THE MASTER: We're going to get to
11   personal property separately.
12            MR. LIGHTNER: And what constitutes that.
13            THE MASTER: So we're clear, ma'am, you're
14   going to give counsel on the other side at least 30 days'
15   notice as to when you're going to be able to make that
16   payment?
17            MS. BURKE: Yes, I will.
18            THE MASTER: The concept being that you
19   tell him in advance so we that we have a smooth and orderly
20   transition so she will be able to get out of the house in a
21   reasonable time so you will be allowed to get back into it?
22            MS. BURKE: Yes.
23            THE MASTER: Counsel, is there anything
24   else with regard to the agreement, absent the personal
25   property?
```

```
 1                    MR. WINEGAR:  No.
 2                    MR. LIGHTNER:  Nothing further.
 3                    THE MASTER:  Okay.  Then we can go off the
 4    record for now.
 5                    (Off the record.)
 6                    (Agreement concluded.)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE

I HEREBY CERTIFY that the proceedings are contained fully and accurately in the notes taken by me in the above cause, and that this is a correct transcript of the same.

Date: __3/29__, 2017

_____
Charleen A. Eyer
Registered Professional Reporter

IN THE COURT OF COMMON PLEAS
OF NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL DIVISION - LAW

| | | |
|---|---|---|
| BEVERLY FEBBO | ) | |
| Plaintiff | ) | No. C0048CV2014-10146 |
| | ) | |
| vs. | ) | IN DIVORCE |
| | ) | |
| CATHERINE BURKE | ) | |
| Defendant | ) | |

**ORDER OF COURT**

AND NOW, this 11th day of April, 2017, it is hereby ORDERED AND DIRECTED that the attached Transcript is incorporated as if set forth at length as an Order of Court.

BY THE COURT,

_____
                                                    J.